UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

KAREEN J. ANDERSON,

Plaintiff,

v.

CPS (CHILD PROTECTIVE SERVICES),

Defendants.

Case No. 2:17-cv-00659-JAD-PAL

**REPORT OF FINDINGS AND RECOMMENDATION**

(IFP App. – ECF No. 6)

This matter is before the court on Plaintiff Kareen J. Anderson's second Application to Proceed *In Forma Pauperis* (ECF No. 6). This Application is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice.

## **BACKGROUND**

Mr. Anderson is a pretrial detainee in custody at the Nevada Southern Detention Center and he proceeding in this action *pro se*. On March 3, 2017, Anderson initially requested permission to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice. *See* IFP Application (ECF No. 1). However, his application was incomplete since he did not include a signed financial certificate or financial affidavit. Thus, the court could not determine whether he qualified to proceed IFP. On March 16, 2017, the court entered an Order (ECF No. 5) denying Anderson's IFP Application without prejudice, directing the Clerk's Office to mail him a new IFP application, and allowing him to file a completed IFP application or pay the $400 filing fee on or before April 17, 2017. *Id*. The Order warned Mr. Anderson that a failure to file a completed IFP application would result in a recommendation to the district judge that this case be dismissed. *Id*.

Additionally, the Order noted that the court conducted a preliminary review of the complaint, which attempts to state a claim against Defendant CPS (Child Protective Services) for

1

refusing to release Anderson's two-year-old daughter into a temporary guardianship with his sister. The court advised him that, to the extent he is challenging a state court decision regarding his daughter's custody, federal district courts do not have appellate jurisdiction over a state court, whether by direct appeal, mandamus, or otherwise. *See, e.g.*, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). As a result, the court stated that Anderson may want to consider whether he wishes to pursue his claims in federal court.

The same day the Clerk of the Court entered the court's Order, a second IFP Application (ECF No. 6) was filed on the court's docket. It appears that the second application crossed the Order in the mail because the application is post-marked March 14, 2017. The second IFP Application suffers from the same defects as the first because it does not include the required financial certificate or financial affidavit. To date, Mr. Anderson has not filed a completed IFP application, requested an extension of time, or taken any other action to prosecute this case.

The second application also includes an amended pleading stating the same basic allegations as his original complaint. Mr. Anderson alleges that the Department of Family Services ("DFS") refused to release his two-year old daughter into a temporary guardianship with his sister despite receiving guardianship documents. *See* Am. Compl. (ECF No. 6-1) at 3. He claims he had already established himself as the girl's father with DFS; thus, DFS should have released his daughter to his sister upon receiving the signed and notarized notice of temporary guardianship. Anderson further alleges that DFS sent Lab Core to the Nevada Southern Detention Center without a court order to demand a DNA sample from him and threatened to take additional measures to force his compliance. The Amended Complaint references a case number (J-16 340704P1) for the ongoing juvenile proceeding in the Nevada state court. Anderson asserts he has been shut out of the state court proceeding in a conspiracy to deprive him of his constitutional parental rights. Among other forms of relief, he demands the immediate release of his daughter to his sister's care.

## **DISCUSSION**

The court may authorize a prisoner to commence an action without prepaying fees and costs if he files an IFP application including: (1) a financial certificate signed by an authorized

officer of the institution in which he is incarcerated, (2) a copy of his inmate trust account statement for the six-month period prior to filing, and (3) a signed financial affidavit showing an inability to prepay fees and costs or give security for them. *See* 28 U.S.C. § 1915; LSR 1-2. However, the court must apply "even-handed care" to ensure that "federal funds are not squandered to underwrite, at public expense, either frivolous claims" or the colorable claims of a plaintiff "who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984) (collecting cases). A "district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987)).

Having reviewed his complaint and notice of amendment, the court will recommend that the district judge deny Anderson's IFP second application because he has failed to submit the required documentation, and more importantly, because the court lacks subject matter jurisdiction over his claims.

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). A court's jurisdiction to resolve a case on its merits requires a showing that the plaintiff has both subject matter and personal jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Federal courts generally abstain from hearing a case that would interfere with ongoing state proceedings. *Younger v. Harris*, 401 U.S. 37, 43–55 (1971). States have a vital interest in protecting the authority of their judicial systems so that a state court's orders and judgments are not rendered irrelevant. *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) (quoting *Juidice v. Vail*, 430 U.S. 327, 336 n.12 (1977)). Thus, the Supreme Court has recognized a "domestic relations exception" that prevents the federal courts from exercising jurisdiction in child custody matters. *Ankenbrandt v. Richards*, 504 U.S. 689 (1992); *see also H.C. ex rel. Gordon v. Koppel*, 203 F.3d at 613 (affirming dismissal of case that sought to vacate existing state court

orders in a child custody proceeding and enjoin future proceedings); *Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983) (per curiam) ("[F]ederal courts have uniformly held that they should not adjudicate cases involving domestic relations.").

Since the landmark case of *In Re Burrus*, 136 U.S. 586 (1890), federal courts have uniformly abstained from adjudicating cases involving domestic relations issues, which include child custody disputes. *Buechold v. Ortiz*, 401 F.2d 371, 372 (9th Cir. 1968); *Peterson*, 708 F.2d at 466. The subject matter of domestic relations, and particularly child custody problems, is generally considered a state law matter. *Id.* Federal abstention is appropriate in such cases based on: (1) the strong state interest in domestic relations matters, (2) the state courts' superior competence in settling family disputes, and (3) the possibility of incompatible federal and state court decisions since the state exercises ongoing judicial supervision. *Peterson*, 708 F.2d at 466 (citing *Moore v. Sims*, 442 U.S. 415 (1979)); *see also Santos v. Cty. of L.A. Dep't of Children & Family Servs.*, 299 F. Supp. 2d 1070, 1077 (C.D. Cal. 2004), *aff'd*, 200 F. App'x 681 (9th Cir. 2006) ("To the extent Santos seeks reinstatement of Albert's custody or relief with respect to his care and custody, the court lacks jurisdiction."). Abstention is proper even if the case raises constitutional issues and is premised on alleged federal constitutional violations. *Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987). "If the constitutional claims in the case have independent merit, the state courts are competent to hear them." *Id*.

Here, the matters at issue in the juvenile proceeding fall squarely within the domestic relations exception; thus, the court finds that abstention is appropriate. Mr. Anderson's allegations arise out of a dispute over whether his sister should be named as his daughter's temporary guardian. He essentially seeks to have this court overturn the state court's decision and award his sister temporary guardianship of his daughter. This court has no authority to do so because the domestic relations exception to federal subject matter jurisdiction requires abstention. Because it is clear from the face of the Amended Complaint that the court lacks subject matter jurisdiction and the nature of the juvenile proceeding precludes any possibility that the jurisdictional defect can be cured by amendment, the undersigned recommends that Anderson's second IFP application be denied and this case be dismissed. *See, e.g., McGee v. Dep't of Child Support Servs.*, 584 F. App'x

4

638 (9th Cir. 2014) (affirming the district court's denial of IFP application where it lacked subject matter jurisdiction) (citing *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012)).

Accordingly,

**IT IS RECOMMENDED** that:

1. Plaintiff Kareen J. Anderson's Application to Proceed *In Forma Pauperis* (ECF No. 6) be DENIED and this action be DISMISSED.

2. The Clerk of the Court be instructed to close this case and enter judgment accordingly.

Dated this 2nd day of May, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. Pro. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. Pro. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition, failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. Pro. 72.

5